IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-605-BO

| | |
|---|---|
| KAREN SEALEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 19 & 21]. A hearing on this matter was held in New Bern, North Carolina on July 24, 2013 at 2:00 p.m. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Administrative Law Judge is REVERSED.

## BACKGROUND

Plaintiff protectively filed for disability insurance benefits (DIB) under Title II of the Social Security Act on August 16, 2009. The plaintiff alleged disability beginning on January 17, 2003. The plaintiff's date last insured was June 30, 2010. The Social Security Administration denied the plaintiff's application initially and upon reconsideration. On March 25, 2011, the plaintiff appeared and testified before an Administrative Law Judge (ALJ). On April 29, 2011, the ALJ denied the plaintiff's application. The Appeals Council denied the plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner. The plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

1

## MEDICAL HISTORY

Ms. Sealey has alleged disability due to "back injury, pseudo seizures, depression, fibromyalgia, headaches/migraines, cephalgia, cranio cervical dystonia, memory concentration fluctuations, occipital neuralgia, . . . various misalignments with the spine, . . . mild to severe pain . . . , [and] nerve damage . . ." [Tr. 160]. Although she has received a nonspecific diagnosis, the plaintiff suffers symptoms that are somewhat similar to epilepsy. At the hearing on this matter, plaintiff's counsel explained some of the impairments this claimant has suffered. The plaintiff experiences a lack of balance and auditory disturbances. She occasionally blacks out and experiences visual delay. The plaintiff suffers from dizziness that eventually resulted in her inability to drive. Despite her inability to drive, the plaintiff had a colleague driver he to work for the last 2 and-a-half years that she was employed as a teacher. Most notably, the plaintiff often experiences seizures that are worsened by stress. On her last day of work as a teacher the plaintiff suffered from nine seizures.

After leaving her position as a teacher the plaintiff attempted to work part-time as a church secretary. However, even this position proved too much for her, the frequency of her seizures increased, and she could not continue to perform the required work.

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th

Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ erred by concluding at step five by failing to weigh the opinions of medical sources. The ALJ must weigh the opinions of medical sources by considering, among other things, the length of the treatment relationship, the frequency of examination, the nature and extent of the treatment relationship, consistency, and specialization. *See* 20 CFR § 404.1527(d). The ALJ must consider all medical opinion conflicts with the ALJ's RFC, the

3

conflict must be explained in the decision. *Id.* Additionally, Social Security Ruling 96-2p states that "if a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight." *See Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987).

The ALJ's decision in this case is particularly troubling because he dismissed the opinions of all the treating physicians. Specifically, the ALJ rejected the opinion of Ms. Sealey's treating neurologist, Dr. Charya. Dr. Charya treated Ms. Sealey for over eight years for her seizures and related conditions. In 2008 and 2010, Dr. Charya noted that the plaintiff should avoid strenuous activity, should lift less than ten pounds, and should reduce the stress in her life. [Tr. 371-71 & 728]. These prescribed limitations would limit the plaintiff to a level of work less than sedentary. Further, Dr. Charya's opinion was consistent with the consultative examiner, who opined that the plaintiff was "clearly . . . debilitated." [Tr. 618-622]. Yet, the ALJ did not address Dr. Charya's concerns. Instead, the ALJ relied on the state agency doctors who allowed that Ms. Sealey could perform light work. However, the opinions of the state agency doctors do not take into consideration the limitations arising from Ms. Sealey's frequent seizures. As such, these opinions do not represent substantial evidence. Dr. Charya's opinion is supported by his treatment notes beginning in 2002 and is consistent with the remainder of the record and the plaintiff's self-reported limitations. As such, the ALJ erred by rejecting his opinion without adequate explanation. Because the ALJ's finding that the claimant is capable of performing work other than her past relevant work is not supported by substantial evidence it is proper to remand this matter to the agency for an award of benefits.

4

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v, Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). Accordingly, this case is REMANDED for an award of benefits.

SO ORDERED.

This 29 day of July, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE